| Summons | CIVIL DOCKET NO. 24 84CV01971 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Domonique Williams vs. City of Boston Plaintiff(s) Defendant(s) | | John E. Powers III  Clerk of Courts<br>Suffolk  County<br>COURT NAME & ADDRESS:<br>Suffolk Superior Civil Court<br>Three Pemberton Square<br>Boston, MA. 02108 |

THIS SUMMONS IS DIRECTED TO  City of Boston  (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Court (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing a copy of your response to the Plaintiff's attorney/Plaintiff at the following address:
David Crew, Law Offices of Christopher Sullivan
35 India St, 2nd Floor, Boston, MA 02111

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti, Chief Justice on 6-2, 2025. (Seal)

Clerk

Note: The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

Dated: _____   Signature: _____

**N.B. TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

# COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, ss. | SUPERIOR COURT<br>C.A. NO.: 2484CV01971 |

| | |
|---|---|
| DOMONIQUE WILLIAMS | ) |
|     PLAINTIFF | ) |
| v. | ) |
| | ) |
| CITY OF BOSTON | ) |
|     DEFENDANT | ) |

## AMENDED COMPLAINT

### PARTIES

1. Plaintiff, Domonique Williams, is an adult, residing at 33 Johnson Street, Boston Massachusetts.

2. Defendant, City of Boston (hereinafter "City") is a municipality of the Commonwealth of Massachusetts with its administrative offices located at 1 City Hall Square, Room 601, Boston, Massachusetts.

### JURISDICTION AND VENUE

The Massachusetts Superior Court has jurisdiction over this matter, pursuant to M.G.L. c. 223A § 3. The amount in controversy exceeds fifty thousand dollars ($50,000) exclusive of interest and costs. Venue in this forum is proper, pursuant to M.G.L. c. 223 § 1.

### FACTS

Plaintiff realleges and reincorporates by reference, the allegations, as set forth in paragraphs 1-3 above

3. At all times relevant to the matters set forth herein, Domonique Williams (hereinafter "Plaintiff") was employed by the Defendant, City of Boston.

4. In March, 2018, Plaintiff, commenced her employment with the City as the Deputy Director for the Office of Housing Stability Her work during the Covid-19 pandemic put the office on track for national recognition, including the White House.

5. In March 2021, she was promoted to Deputy Director of the Office of Equity.

6. Celina Barrios-Millner started as Chief of the Office of Equity in April 2021.

7. At a meeting on October 6, 2021, Ms. Barrios-Millner inappropriately encouraged her subordinates to support then-candidate for Mayor of Boston Michelle Wu over Annissa-Essaibi-George. As Ms. Barrios-Millner was aware, Plaintiff had just begun to work on Ms. Essaibi-George's campaign two days earlier.

8. At the outset of the meeting, Chief Barrios-Millner repeated to the group unfounded rumors that, if elected mayor, Ms. Essaibi-George would dismantle the Office of Equity. She suggested to the staff that if Ms. Essaibi-George was elected over Mayor Wu, they would lose their jobs and that they should vote for Mayor Wu if they wanted to keep their jobs.

9. The following day, Ms. Barrios-Millner scheduled a meeting with Plaintiff to discuss the previous day's meeting. Ms. Barrios-Millner acknowledged that it had been unprofessional of her to have initiated a discussion about the election and who to vote for, and purported to apologize.

10. Following this incident, Chief Barrios-Millner wrote a memorandum to Plaintiff, in which she denied the very conduct that she had previously acknowledged. Ms. Barrios-Millner indicated that she had, inappropriately, disclosed the memorandum to several of Plaintiff' colleagues.

11. From that point on, Chief Barrios-Millner's spoke almost exclusively to the other team members and would go days without acknowledging Plaintiff' presence in the office. That week and for the subsequent two weeks, Chief Barrios-Millner cancelled each of her one-on-one weekly meetings with Plaintiff, putting barriers in the way of Plaintiff' ability to get her job done.

12. On November 9, 2021, she took the recurring meetings off the calendar for the remainder of the year. That day, Plaintiff also learned that Ms. Barrios-Millner had scheduled a team meeting for during their former one-on-one time slot and that Plaintiff was the *only team member* excluded from that team meeting.

13. The next day, Ms. Barrios-Millner added the weekly one-on-one meetings back to the calendar, but insisted that Plaintiff' colleague

Natasha White also attend them. Plaintiff was uncomfortable with this arrangement as Ms. White was one of the colleagues to whom Ms. Barrios-Millner had shown the memorandum unduly criticizing Plaintiff' work. Plaintiff raised with Human Resources her concern that the inclusion of Ms. White in these meetings was an additional form of harassment by Ms. Barrios-Millner, but never received a response. Moreover, although the weekly meetings resumed, Plaintiff was also, from that point forward, excluded from other meetings with other departments in which she had been previously included.

14. Ms. Barrios-Millner further retaliated against Plaintiff by interfering with her ability to perform her job. For example, Plaintiff raised with Ms. Barrios-Millner that Plaintiff was having trouble receiving information from another of Ms. Barrios-Millner's reports, Andre Lima. In response, Ms. Barrios-Millner told Plaintiff to go another route and no longer try to get information from him. On October 28, 2021, at an all-staff Equity meeting, Mr. Lima presented to the group on a major policy that Plaintiff had worked on developing for months and in which Mr. Lima played no role. Mr. Lima's presentation included specific details about the development of the policy and was misleadingly presented as though he had done the work himself. The only way he would have had access to that level of detail about the policy would have been through Ms. Barrios-Millner. Plaintiff was shocked and embarrassed in front of her colleagues. This is just one of many examples of the ways that Ms. Barrios-Millner made Plaintiff' working environment insufferable and a source of unrelenting stress.

15. On December 16, 2021, Plaintiff was called into a meeting with Ms. Barrios-Millner at which she was informed that her employment was being terminated as of December 31, 2021 (and her last day in the office was to be December 17, 2021). As a basis for the termination, she was told that the Office of Equity would no longer be funded and that her role was no longer needed. In that meeting, Ms. Barrios-Millner stated that Plaintiff would receive health insurance through the end of 2021, and that although she had vacation planned for the end of December, Plaintiff would instead receive a payout for that vacation time. There was no paperwork or termination letter presented to Plaintiff at that time, and Plaintiff learned that Human Resources had not completed any such paperwork prior to the termination.

16. The reasons provided for Plaintiff' termination were pretextual. Ultimately, although some changes were made to the Office of Equity, it was not defunded. Some members kept their jobs, and

every member of her department who did not stay was reassigned to another job within the City of Boston. She was the only person whose employment was terminated. In addition, she did not receive the promised vacation time payout, nor health insurance through the end of the year.

## COUNT I RETALIATION

Plaintiff realleges and reincorporates by reference, the allegations, as set forth in paragraphs 1-16 above

17. On October 6, 2021, Ms. Barrios-Millner was aware that Plaintiff was working on Annissa-Essaibi-George's campaign for Mayor of the City of Boston.

18. Engaging in a political campaign is protected activity.

19. Immediately after Ms. Barrios-Millner became aware that Plaintiff was working on Ms. Essaibi-George's campaign, her attitude towards Plaintiff changed for the worse.

20. As a result, Plaintiff was terminated on December 31, 2021.

21. Plaintiff had no performance issues and there were no intervening events to cause her termination.

22. Plaintiff's termination deprived her of earned compensation and benefits, and interfered with the terms and conditions of her employment.

## COUNT II DEFAMATION

Plaintiff realleges and reincorporates by reference, the allegations, as set forth in paragraphs 1-22 above

23. At a meeting on October 6, 2021, Ms. Barrios-Millner inappropriately encouraged her subordinates to support then-candidate for Mayor of Boston Michelle Wu over Annissa-Essaibi-George. As Ms. Barrios-Millner was aware, Plaintiff had just begun to work on Ms. Essaibi-George's campaign two days earlier.

24. At the outset of the meeting, Chief Barrios-Millner repeated to the group unfounded rumors that, if elected mayor, Ms. Essaibi-George would dismantle the Office of Equity. She suggested to the staff that if Ms. Essaibi-George was elected over Mayor Wu, they would lose their jobs and that they should vote for Mayor Wu if they wanted to keep their jobs.

25. The following day, Ms. Barrios-Millner scheduled a meeting with Plaintiff to discuss the previous day's meeting. Ms. Barrios-Millner

acknowledged that it had been unprofessional of her to have initiated a discussion about the election and who to vote for, and purported to apologize.

26. Following this incident, Chief Barrios-Millner wrote a memorandum to Plaintiff, in which she denied the very conduct that she had previously acknowledged. Ms. Barrios-Millner indicated that she had, inappropriately, disclosed the memorandum to several of Plaintiff' colleagues.

27. Barrios-Millner knew that the statements regarding Ms. Essaibi-George were false.

28. Barrios-Millner published these statements when she shared the memorandum with Plaintiff's colleagues.

29. As a result of these false statements, Plaintiff was harmed.

**COUNT III– BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

Plaintiff realleges and reincorporates by reference, the allegations, as set forth in paragraphs 1-29 above

30. There is an implied covenant of good faith and fair dealing in the employment contract between Defendant and Plaintiff.

31. Defendant terminated Plaintiff arbitrarily, capriciously or in bad faith in order to deprive her of earned money.

32. Defendant has been unjustly enriched by inter alia, receiving the financial and other benefits of Plaintiff' services and performance without paying her the earned money.

33. As a result of that breach, Plaintiff suffered and continues to suffer loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses.

WHEREFORE, Plaintiff respectfully asks this Honorable Court to:

1. Enter judgment in her favor;

2. Declare the Defendant liable for each claim listed above;

3. Award Plaintiff in damages for the back pay, front pay, compensatory

damages, economic damages (including but not limited to her loss of substantial state pension benefits), consequential damages, punitive damages;

4.Award Plaintiff equitable relief;

5.Award Plaintiff all other relief this Court finds just and equitable.

The Plaintiff demands a jury on all issues so triable.

>The Plaintiff,
>By her Attorney:
>
>_____/s/ David Green_____
>David Green
>Law Office of Christopher Sullivan
>BBO # 642406
>35 Kingston Street, 2nd Floor
>Boston, MA 02111
>(617) 357-8600

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>2484CV01971 | Massachusetts Trial Court<br>Superior Court |
|---|---|---|
| | | COUNTY Suffolk Superior Court (Boston) |

| Plaintiff | Domonique Williams | Defendant: | City of Boston |
|---|---|---|---|
| ADDRESS: | 33 Johnson Street | ADDRESS: | 1 City Hall Square |
| | Boston, MA | | room 601 |
| | | | Boston, MA |
| Plaintiff Attorney: | David Green | Defendant Attorney: | Elizabeth Teebagy |
| ADDRESS: | Law Offices of Christopher Sullivan | ADDRESS: | City of Boston Law Department |
| | 35 Kingston Street, 2nd Floor | | City Hall, room 615 |
| | Boston, MA | | Boston, MA |
| BBO: | 642406 | BBO: | 704002 |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AD1 | equity action vs. Commonwealth | A | ☒ YES ☐ NO |

*If "Other" please describe: _____

Is there a claim under G.L. c. 93A?  ☐ YES ☒ NO   Is there a class action under Mass. R. Civ. P. 23?  ☐ YES ☒ NO

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date
1. Total hospital expenses  _____
2. Total doctor expenses  _____
3. Total chiropractic expenses  _____
4. Total physical therapy expenses  _____
5. Total other expenses (describe below)  _____

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date  $200,000.00
C. Documented property damages to date  _____
D. Reasonably anticipated future medical and hospital expenses  _____
E. Reasonably anticipated lost wages  _____
F. Other documented items of damages (describe below)  $50,000.00
loss of pension benefits

TOTAL (A-F): $250,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:
Defendant terminated Plaintiff's employment

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X *David Green*     Date: April 22, 2025

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X *David Green*     Date: April 22, 2025

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF —** On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT —** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.